IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARY THOMAS & RYAN THOMAS, § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| AB CAR RENTAL SERVICES, INC., § | | |
| AVIS BUDGET CAR RENTAL, LLC, § | | |
| and AVIS BUDGET GROUP, INC. § | JURY TRIAL DEMANDED | |
| § | | |
| Defendants § | | |
| § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Mary Thomas and Ryan Thomas, file their Original Complaint complaining of AB Car Rental Services, Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc. ("Defendants") and would show the following:

A. Parties

1. Plaintiffs, Mary Thomas and Ryan Thomas are individuals who reside in the State of Texas.

2. Defendant AB Car Rental Services, Inc. ("ABCRS") is a Delaware corporation that conducts business in the State of Texas. Defendant ABCRS may be served with process through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, at 701 Brazos, Suite 1050, Austin, Texas 78701.

3. Defendant Avis Budget Car Rental, LLC, ("Avis LLC") is a Delaware limited liability company that conducts business in the State of Texas. Defendant Avis LLC may be served with process through its registered agent, Corporation Service Company dba CSC –

Lawyers Incorporating Service Company, at 701 Brazos, Suite 1050, Austin, Texas 78701. Upon information and belief, Defendant Avis LLC is the parent company of Defendant ABCRS.

4.    Defendant, Avis Budget Group, Inc. ("ABG") is a Delaware corporation that acts through its closely controlled subsidiaries ABCRS and Avis LLC to conduct business in Texas. ABG may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Upon information and belief, ABG is a parent company of Avis LLC and/or ABCRS.

5.    The Defendants, individually and collectively, employ more than fifteen (15) employees.

6.    The Defendants have a unified operation, under common control, and engage in related business activities for a common business purpose.  The Defendants therefore operate a joint enterprise, and should be jointly and severally liable for the violations alleged herein.

### B. Jurisdiction

7.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because the suit arises under Title VII, *See* 42 U.S.C. § 2000e-5(f)(1)-(3), and under the Fair Labor Standards Act (FLSA), sections 207 and 215. Specifically, Mary Thomas and Ryan Thomas, allege that Defendants engaged in unlawful employment practices, including sexual harassment and retaliation in violation of Title VII of the United States Code.  The Plaintiffs also alleged unpaid overtime and retaliation for complaints about the unpaid overtime, both in violation of the FLSA. The Court has pendant jurisdiction over the Plaintiffs' state law unlawful employment practice claims under 28 U.S.C. § 1367.

### C. Venue

8.      Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this District. Specifically, Plaintiffs were employed by Defendants within the District and the unlawful acts about which they complain occurred, in whole or in part, in this District.

D. Exhaustion of Administrative Remedies

9.      Mary Thomas and Ryan Thomas timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs now file this Complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit "A."  Unlike Plaintiffs' claims under Title VII and the Texas Labor Code, Plaintiffs' claims under the FLSA do not require exhaustion of administrative remedies.

E. Factual Allegations

10.     Defendants, who together operate a car rental company, employed both Plaintiffs, Mary Thomas and her husband, Ryan Thomas, from June 24, 2013 to August 12, 2013 to park cars at designated areas on Defendants' premises.

11.     At the time Avis hired the Plaintiffs, Avis knew and agreed that Plaintiffs would take days off from work for Plaintiff Mary Thomas' surgery, and for a trip that both Plaintiffs planned in advance.  Defendants hired Plaintiffs with full understanding and approval of these planned absences from work.

12.     Approximately a week after Defendants hired Plaintiffs, one of the Defendants' employees, named Maurice (last name unknown, nicknamed "Mo" to avoid confusion with another employee named Maurice) began to sexually harass Plaintiff Mary Thomas by making such comments as:

- "If you wasn't married I would chase you";
- Numerous comments about my breasts and butt;
- "Don't stand too close, I'm fertile and I wouldn't want Ryan to be mad when you have a fine ass baby coming looking like Mo";
- He told me not to look him in the eyes because I "might get something started";
- He said he "had a big fat slim jim just for me"; and
- Statements to the effect that Mary Thomas was fine or she looked good a lot.

13. Mo also grabbed Mary Thomas and pulled her close in a sexually suggestive fashion, to make another co-worker jealous.

14. On or about July 31, 2013, Mary Thomas complained to John (last name unknown, a manager and the one who hired Mary Thomas) about Mo's sexual harassment. Mary told John that Mary needed to speak to the Human Resources about sexual harassment, specifically. John said that company procedure required Mary to start by complaining to a lower level supervisor first, and then if necessary work her way up to Human Resources or the top officials in the company. Mary Thomas then complained to Rosie, one of Mary's regular shift managers, and Rosie told Mary to complain to someone of a higher rank or authority.

15. Since Mary's complaint to Rosie about sexual harassment was right before Mary's scheduled surgery, Mary thought she would address the problem when she came back from surgery.

16. Mary returned from surgery approximately August 10, 2013. On August 12, 2013, Annie Laminac, a manager Mary and Ryan Thomas had never met before, told both of them that Defendants were firing both Mary and Ryan Thomas. Ms. Laminac said that Mary "missed too many days" of work; however, Plaintiffs only missed the days that Plaintiffs pre-arranged to miss when they were hired, and Defendants hired Plaintiffs with advance approval for the days that Plaintiffs missed.

17.     Ryan Thomas himself only had two absences, both preapproved – one because of Mary Thomas' scheduled surgery, and one because of a trip that was pre-approved by Defendants.  When Defendants fired Mary Thomas for her protected complaints about sexual harassment, Defendants fired her husband, Ryan Thomas, at the same time and for the same reason.  Thus, while Mary Thomas brings claims for sexual harassment, hostile work environment, and retaliation, Ryan Thomas brings his own claim for retaliation because he was terminated for his wife's complaints about sexual harassment.

### F. Discrimination under Title VII

18. Plaintiffs incorporate by reference the allegations contained above as if fully set forth herein.

19.     Plaintiff Mary Thomas was subjected to unwelcome sexual harassment and a hostile work environment, as described above, in violation of Title VII of the Civil Rights Act.

20.     Plaintiff  Mary Thomas complained to her supervisors who failed to undertake a proper investigation or to remedy or stop the harassment from taking place.

21.     . Defendants were therefore aware of the pervasive environment of sexual harassment created by Mo's treatment of Mary Thomas, and failed to take remedial measures.

22.     The harassment was severe and pervasive, creating a hostile work environment that altered the terms and conditions of employment for Plaintiff Mary Thomas.  The harassment was based on the Plaintiff Mary Thomas' classification of sex: female.

23.      Plaintiff Mary Thomas engaged in protected activity in making a complaint to John and Rosie, her supervisors.  In retaliation, Defendants terminated the employment of Mary Thomas and her husband, Ryan Thomas.

24. The effect of Defendants' unlawful employment practices has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affected her status as an employee because of her sex.

25. Defendants' unlawful employment practices have caused Plaintiff Mary Thomas and Ryan Thomas emotional pain and suffering, inconveniences, mental anguish, and loss of enjoyment of life.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiffs.

## G. Violations of the Texas Labor Code

28. Plaintiff incorporates by reference the allegations contained above as if fully set forth herein.

29. Defendants have engaged in unlawful employment practices, including sexual harassment of Mary Thomas, and retaliation against both Mary Thomas and Ryan Thomas, in violation of Texas Labor Code Chapter 21.

30. Defendants' unlawful employment practices caused Plaintiffs adverse employment consequences and deprived her of an employment opportunity.

31. Defendants' unlawful employment practices have caused Plaintiffs emotional pain and suffering, inconveniences, mental anguish, and loss of enjoyment of life.

32. Defendants' unlawful employment practices were committed intentionally.

33. Defendants' unlawful employment practices were a result of their acting in malice and/or with reckless indifference to Plaintiffs' rights under the Texas Labor Code.

## H. Unpaid Overtime

34. Plaintiffs both worked more than forty (40) hours per week in some weeks of employment.

35. Defendants were aware of, and indeed recorded, these overtime hours of work by Plaintiff.

36. Defendants failed to pay the Plaintiffs for their hours of work in excess of forty (40) at one and a half times the Plaintiffs' regular rate, in violation of the Fair Labor Standards Act (FLSA).

37. Defendants' failure to pay Plaintiffs for their overtime was willful and not done in good faith.

38. Upon information and belief, Defendants systematically denied overtime wages to the employees who worked parking cars, as a common policy or practice for all such employees.

I. Retaliation Under the Fair Labor Standards Act

39. Plaintiffs complained to their supervisors about the Defendants' failure to pay the Plaintiffs for all the hours that Plaintiffs worked.

40. Defendants responded by terminating the Plaintiffs' employment, as an act of retaliation for Plaintiffs' protected complaints to their supervisors about the Defendants' violations of the FLSA.

41. Defendants' termination of the Plaintiffs, in addition to being unlawful for the reasons set forth above, is also unlawful as an act of retaliation prohibited by the Fair Labor Standards Act.

H. Jury Demand

50. Plaintiffs hereby demand trial by jury and tender the required jury fee.

I. Prayer

For these reasons, Plaintiffs asks the Court for judgment against Defendants including following:

a. Declare Defendants liable for unlawful employment practices under Title VII of the United States Code, Chapter 21 of the Texas Labor Code, and the Fair Labor Standards Act;

b. Award Plaintiffs compensatory damages in an amount equal to the lost salary and benefits that they suffered as a result of Defendants' retaliatory termination;

c. Award Plaintiffs punitive damages in an amount to be established at trial;

d. Award Plaintiffs damages for their unpaid overtime wages;

e. Award Plaintiffs damages for pain, suffering and mental anguish;

f. An award for reasonable attorney's fees;

g. An award of costs of suit; and

h. All other relief, both in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

TRAN LAW FIRM, L.L.P.

By:   /S/Trang Q. Tran
Trang Q. Tran
Texas Bar Number: 00795787
Federal I.D: 20361
Andrew H. Iwata
Texas Bar Number: 24048568
Federal I.D: 625974
9801 Westheimer Road, Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
ttran@tranlawllp.com
ahi@tranlawllp.com

**ATTORNEYS FOR PLAINTIFFS**