IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARY THOMAS & RYAN THOMAS § <br> § <br> Plaintiffs § <br> § <br> v. § <br> § <br> AB CAR RENTAL SERVICES, INC., AVIS § <br> BUDGET CAR RENTAL, LLC, and AVIS § <br> BUDGET GROUP, INC., § <br> § <br> Defendants. § | C.A. NO. 3:14-CV-00341 |

**DEFENDANTS AB CAR RENTAL SERVICES, INC., AVIS BUDGET CAR RENTAL, LLC, AND AVIS BUDGET GROUP, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

The defendants, AB Car Rental Services, Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc. (collectively, the defendants) file their Answer and Affirmative and Other Defenses to the plaintiffs', Mary Davis and Ryan Davis, First Amended Complaint as follows:

ORIGINAL ANSWER

Without waiving any of its affirmative or other defenses, the defendants answer the allegations contained in the plaintiffs' First Amended Complaint (First Amended Complaint) in corresponding numbered paragraphs as follows:

A.   PARTIES

1.   The defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 and, on that basis deny those allegations.

2.   The defendants deny the allegations in Paragraph 2.

3.   The defendants deny the allegations in Paragraph 3.

4.   The defendants deny the allegations in Paragraph 4.

5.   The defendants admit the allegations in Paragraph 5.

1

6. The defendants deny the allegations in Paragraph 6.

### B. JURISDICTION

7. The defendants admit that the plaintiffs purport to assert claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000 (e) *et seq*. (Title VII) for hostile work environment, sexual harassment and retaliation and under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 and 215, *et seq*., but specifically deny any claim or implication that the defendants violated Title VII or FLSA. The defendants also admit that the Court has subject-matter jurisdiction.

### C. VENUE

8. The defendants admit that venue is proper, but deny the remaining allegations in Paragraph 8.

### D. EXHAUSTION OF REMEDIES

9. The defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and, on that basis deny those allegations.

### E. FACTUAL ALLEGATIONS

10. The defendants deny the allegations in Paragraph 10.
11. The defendants deny the allegations in Paragraph 11.
12. The defendants deny the allegations in Paragraph 12.
13. The defendants deny the allegations in Paragraph 13.
14. The defendants deny the allegations in Paragraph 14.
15. The defendants deny the allegations in Paragraph 15.
16. The defendants deny the allegations in Paragraph 16.
17. The defendants deny the allegations in Paragraph 17.
18. The defendants deny the allegations in Paragraph 18.

F.        DISCRIMINATION UNDER TITLE VII

19.      The defendants repeat and reassert its response to the allegations above with the same force and effect as though fully set forth here.

20.      The defendants deny the allegations in Paragraph 20.

21.      The defendants deny the allegations in Paragraph 21.

22.      The defendants deny the allegations in Paragraph 22.

23.      The defendants deny the allegations in Paragraph 23.

24.      The defendants deny the allegations in Paragraph 24.

25.      The defendants deny the allegations in Paragraph 25.

26.      The defendants deny the allegations in Paragraph 26.

27.      The defendants deny the allegations in Paragraph 27.

28.      The defendants deny the allegations in Paragraph 28.

G.        VIOLATIONS OF THE TEXAS LABOR CODE

29.      The defendants repeat and reassert its response to the allegations above with the same force and effect as though fully set forth here.

30.      The defendants deny the allegations in Paragraph 30.

31.      The defendants deny the allegations in Paragraph 31.

32.      The defendants deny the allegations in Paragraph 32.

33.      The defendants deny the allegations in Paragraph 33.

34.      The defendants deny the allegations in Paragraph 34.

H.        UNPAID OVERTIME

35.      The defendants deny the allegations in Paragraph 35.

36.      The defendants deny the allegations in Paragraph 36.

37.      The defendants deny the allegations in Paragraph 37.

38. The defendants deny the allegations in Paragraph 38.

39. The defendants deny the allegations in Paragraph 39.

    I.    <u>RETALIATION UNDER THE FAIR LABOR STANDARDS ACT</u>

40. The defendants deny the allegations in Paragraph 40.

41. The defendants deny the allegations in Paragraph 41.

42. The defendants deny the allegations in Paragraph 42.

43. The defendants deny the allegations in Paragraph 43.

44. The defendants deny the allegations in Paragraph 44.

    J.    <u>JURY DEMAND</u>

The defendants acknowledge that the plaintiffs demand a trial by jury.

    K.    <u>PRAYER</u>

The defendants deny that the plaintiffs are entitled to any of the relief listed in their prayer for relief.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, the defendants plead the following affirmative and other defenses and reserve the right to plead additional defenses that may become apparent during the defense of this lawsuit:

FIRST DEFENSE

The plaintiffs fail to state in whole and in part a claim upon which relief can be granted.

SECOND DEFENSE

The defendants alternatively plead that the plaintiffs' claims are barred, in whole or in part, by the applicable administrative prerequisites and/or statues of limitations, and claims made by the plaintiffs are barred by the doctrines of waiver, estoppel, and/or laches.

### THIRD DEFENSE

The defendants alternatively plead that the plaintiffs' claims are barred because the defendants were not served properly.

### FOURTH DEFENSE

The defendants alternatively plead that the plaintiffs' claims are barred because they have no employment relationship with Avis Budget Car Rental, LLC, and Avis Budget Group, Inc.

### FIFTH DEFENSE

The defendants alternatively plead that they exercised reasonable care to prevent and correct promptly any unlawful behavior and that the plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by the defendants or to otherwise avoid harm.

### SIXTH DEFENSE

The defendants alternatively plead that it made all of its employment decisions based on reasonable factors other than gender or protected activity.  To the extent that a protected activity was a motivating factor in any adverse employment decisions, the defendants would have taken those actions regardless of any impermissible factor.

### SEVENTH DEFENSE

The defendants alternatively plead that the plaintiffs were at-will employees and the defendants could have taken all actions at any time for any reason.

### EIGHTH DEFENSE

The defendants alternatively plead that the plaintiffs are barred from a jury trial because they waive their right to a trial by jury.

## NINTH DEFENSE

The defendants alternatively plead that the plaintiffs failed to mitigate their alleged damages in whole or in part; further, the defendants are entitled to an offset for all interim compensation or income the plaintiffs have or should have received.

## TENTH DEFENSE

The defendants alternatively plead that the plaintiffs cannot recover punitive, compensatory or exemplary damages for any alleged sexual harassment, retaliation, or violation of FLSA because any such alleged sexual harassment, retaliation or violation of FLSA would be contrary to the defendants' good faith efforts to comply with laws governing such conduct.

## ELEVENTH DEFENSE

The defendants alternatively plead that the plaintiffs cannot recover punitive, compensatory or exemplary damages for any alleged sexual harassment, retaliation, or overtime pay because the defendants did not willfully violate Title VII or FLSA.

## TWELFTH DEFENSE

The plaintiffs cannot recover actual, punitive, and compensatory damages under multiple or different theories and causes of action for the same or similar acts; they are entitled to only one recovery for her alleged damages.

## THIRTEENTH DEFENSE

The plaintiffs' claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with the plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FOURTEENTH DEFENSE

The defendants alternatively plead that the plaintiffs' claims are barred, or their recovery should be offset, by the after-acquired evidence doctrine, if applicable.

## FIFTEENTH DEFENSE

The defendants alternatively plead that the plaintiffs' damages, if any, are limited under 42 U.S.C. § 1981a and all other statutory, common law, and constitutional caps and limitation on damages.

## SIXTEENTH DEFENSE

The defendants are entitled to its attorney's fees and costs as the prevailing party because claims made by the plaintiffs are frivolous, vexatious, without foundation, and brought in bad faith.

## SEVENTEENTH DEFENSE

The defendants reserve the right to file and assert additional defenses as appropriate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants AB Car Rental Services, Inc., Avis Budget Car Rental, LLC, and Avis Budget Group, Inc. pray that the plaintiffs Mary and Ryan Thomas take nothing by way of this suit.  The defendants further request that they have judgment for their costs and for such further relief, at law or in equity, to which it may be justly entitled.

Dated March 3, 2015                                    Respectfully submitted,

*Of counsel*:

Karmyn J. Wedlow
State Bar No. 24084063
Federal I.D. No. 2108020
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
kwedlow@littler.com

*/s/ Kerry E Notestine*
Kerry E Notestine (Attorney-in-Charge)
State Bar No. 15116950
Federal I.D. No. 2423
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
knotestine@littler.com

ATTORNEYS FOR DEFENDANTS AVIS BUDGET GROUP, INC., AB CAR RENTAL SERVICES, INC., AND AVIS BUDGET CAR RENTAL, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of Court using the electronic filing system, which automatically sent notice to the following counsel of record:

Trang Q. Tran
TRAN LAW FIRM, LLP
9801 Westheimer Road
Suite 302
Houston, Texas 77042
ttran@tranlawllp.com

*/s/ Karmyn J. Wedlow*
Karmyn J. Wedlow